## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### POWELL'S EXECUTOR *v.* CITY OF RICHMOND.

December 3, 1896.

1. TAXES IN CITY OF RICHMOND—*Duration of lien.*—There is no limitation on the time within which the city of Richmond may enforce the lien which it has under its charter for taxes assessed by the city on real estate therein. The city charter prescribes no limit, and the amendment to section 674 of the Code, approved January 18, 1888, leaves the rights of the city unaffected by section 636 of the Code.

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced July 6, 1894, in the chancery suit of *Powell's Ex'or* v. *Newcomer & others*, in which appellee filed a petition asserting a claim for taxes.

*Affirmed.*

The opinion states the case.

*James Lyons* and *Pegram & Stringfellow*, for the appellant.

*C. V. Meredith*, for the appellee.

KEITH, P., delivered the opinion of the court.

There was pending upon the docket of the Chancery Court of the City of Richmond a suit in the name of *Powell's Ex'or* v. *Newcomer & others*, brought for the purpose of selling a parcel of real estate in the city of Richmond, the property of Elizabeth Powell, deceased.

The city of Richmond filed its petition in the case claiming a lien upon certain real estate situated on the corner of 7th

and Broad streets, for taxes due to the city for the years
1876, 1877, 1878, 1879, 1880, 1881, 1888, 1889, 1890, 1891,
and 1892. The questions arising upon the petition were re-
ferred to a commissioner, who reported that there was due to
the city the sum of $6,859.58, for arrears of taxes, and that
that sum constituted a lien upon the real estate of Elizabeth
Powell, deceased. To this report an exception was filed by
other creditors of Elizabeth Powell, which involves an inquiry
into the effect of section 636 of the Code. That section is as
follows:

"There shall be a lien upon all real estate for taxes assessed, and county,
city and town levies assessed thereon, and interest upon such taxes and
levies, at the rate of six per centum per annum, from the fifteenth day of
December, in the year in which the same may have been assessed, for the
period of five years, unless sooner paid. The Auditor of Public Accounts
shall keep a record of all real estate, which, since the tenth day of March,
eighteen hundred and seventy-five, shall have been, or hereafter shall be,
returned delinquent for non-payment of taxes or county levies."

On behalf of the general creditors of Elizabeth Powell, it
is contended that the limitation prescribed applies to the lien
asserted by the city of Richmond in its petition. On behalf
of the city it is claimed that the section adverted to has no
application to the case before us.

Many interesting considerations were addressed to the court
upon the argument of the case, but we find it necessary to
consider only one of them.

By an act passed January 5, 1888, amending section 4202
of the Code, it is provided that the act entitled an act to re-
vise, arrange and consolidate into a Code the General Statutes
of the Commonwalth, which was approved May 16, 1887,
should be in force upon and after the first day of May, 1888.
On the 18th day of January, 1888, an amendment to section
674 of the Code was passed, which adds to that section as it
appeared in the Code, as originally adopted, the words "and
nothing contained in this chapter in conflict with any provi-

sion of the charter of any city shall be construed to repeal such provision.'' Acts 1887–'88, c. 15, p. 15. It is not disputed that the charter of the city of Richmond provides for the levying and enforcement of taxes by the city, and that prior to the passage of section 636, the city had, by virtue of its charter and ordinances passed in pursuance thereof, a lien upon real estate for taxes levied by it, the enforcement of which was not subject to a limitation of five years.

Section 674, as it originally appeared in the Code, never became a law, because, before the date arrived at which it was to become operative, it was amended as above stated, and the effect of that amendment was to leave the rights of the city of Richmond unaffected by section 636, or by anything contained in chapter 28 of the Code, but all the provisions of the charter of the city of Richmond remained in full force and vigor, and the rights of the city continued unimpaired as they existed before its passage.

We express no opinion as to the effect of section 636 on the lien upon real estate for taxes and levies assessed by authority of the State or county, or indeed of any city or town except the city of Richmond.

For the foregoing reasons we are of opinion that there is no error in the decree complained of, which is affirmed.

*Affirmed.*